IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derrick LaShawn Anderson,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Nurse Cathy Jones, LPN; and Lt. C.<br>Williams, #034019,<br><br>　　　　　　　　　Defendants. | Civil Action No.2:11-cv-00005-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE**<br><br>**AMENDED** |

　　　　The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment (Dkt. No. 44) and Plaintiff's Motion to Strike (Dkt. No. 50).

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

　　　　The plaintiff brought this action on or about January 6, 2011. On May 17, 2011, Defendants filed a Motion for Summary Judgment. By order filed May 18, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On or about May 27, 2011, the plaintiff filed a response opposing Defendants' Motion for Summary Judgment. (Dkt. No. 47.) Plaintiff has also filed a Motion to Strike Defendants' Motion for Summary Judgment (Dkt. No. 50), to which Defendants have responded. (Dkt. No. 51.)

**PROCEDURAL FACTS**

　　　　Plaintiff, who is currently housed at Perry Correctional Institution ("PCI"), alleges claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on April 1, 2010, he was

"assaulted by an officer," and when Defendant Nurse Jones saw him, she said to give him some ice for his hand and wrist. (Compl. at 3.) Plaintiff alleges that when he said "what about my mouth," Defendant Jones "said nothing and walked off so I signed up for sick call twice but wasn't seen so I had to take care of my wounded mouth myself." (Id.) Plaintiff's Complaint further states,

> On my medical records it didn't show anything about my mouth but on the incident report Lt. C. Williams wrote he stated that the nurse seen me and cleaned me up and that came from the officer who assaulted me and that statement was wrong and false because it would have been on my medical files.

(Id.) The plaintiff states he is seeking compensatory and punitive damages.

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, after Defendants filed their Motion for Summary Judgment, Plaintiff moved to strike Defendants' motion. (Dkt. No. 50.) In his motion, Plaintiff moves for

Defendants' Motion for Summary Judgment to be "dismissed on frivolous evidence and false statements" and states that he would like to "take this lawsuit to court to prove that [his] complaints are true and correct." (Dkt. No. 50.) Because Plaintiff attaches an affidavit to support his § 1983 claims, the court will consider Plaintiff's Motion to Strike and supporting documents as part of his Response in Opposition to Defendants' Motion for Summary Judgment.

**Deliberate Indifference**[1]

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal citations omitted). To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. It is well-settled that mere negligence does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06; Grayson v. Peed, 195 F.3d 692, 695-96 (4th Cir.

---

[1] As noted above, Plaintiff brings the instant action against Defendant Nurse Cathy Jones and Defendant Lt. C. Williams. (See Dkt. No. 1.) Defendants argue in their Motion for Summary Judgment that Plaintiff's action against Williams should be dismissed because the Complaint fails to state a claim against Williams. (Mem. in Supp. of Mot. for Summ. J. at 1.) While Plaintiff's allegations against Defendant Williams are undoubtedly sparse, the undersigned instead evaluates the claims against Williams on the merits.
      Defendants also seek summary judgment on the grounds that Plaintiff "fails to state a claim for excessive force." (Mem. in Supp. of Mot. for Summ. J. at 3.) However, Plaintiff complains about deliberate indifference in the instant Complaint–not excessive force. Plaintiff has filed a separate lawsuit with his excessive force claims. See Anderson v. Abston et al., 2:11-cv-02642-RMG-BHH. The undersigned will evaluate Plaintiff's claims of excessive force in his newly filed case, not in the instant case.

1999); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (holding that "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983).

The undersigned recommends granting Defendants' motion for summary judgment as to Plaintiff's claim of deliberate indifference. Defendants presented the affidavit of Nurse Jones, who states that on April 1, 2010, she was contacted by security personnel to examine Plaintiff after a use of force. (Jones Aff. ¶ 6; Dkt. No. 44-2.) Defendant Jones states that she had been informed Plaintiff "was complaining of pain in his right wrist" and that when she arrived at the SMU, Plaintiff was "yelling and cursing the officers and was extremely agitated." (Id. ¶¶ 6-7.) According to Jones, when she attempted to ask Plaintiff about his wrist, "he stated, 'F— you" and continued to yell and curse at the officers." (Id.) Jones states that due to Plaintiff's behavior, he could not be removed from his cell for examination, so she examined the Plaintiff through the window in his cell. (Id. ¶ 8.) Defendant Jones further stated in her Affidavit:

> 8. . . . The Plaintiff's wrist did not appear to be swollen and he did not appear to be in any apparent distress. The Plaintiff did not complain about any injuries, but again responded profanely when I asked him about his wrist. I did not observe any injuries and did not observe any type of cut or laceration to the Plaintiff's face or mouth. The Plaintiff was extremely agitated, but did not appear to be in any physical distress.
>
> 9. I instructed the officers to give the Plaintiff ice due to his complaints of pain in his right wrist and advised that medical personnel would check the Plaintiff at a later time when he was less agitated. I was informed that the Plaintiff could not be given ice at that time due to security reasons.
>
> . . .
>
> 11. I did not refuse to see the Plaintiff or to provide him with medical care, but was unable to do a full assessment due to the Plaintiff's extreme agitation and behavior.

(Jones Aff. ¶¶ 8-11.)

In his Affidavit, Plaintiff disputes the evidence that he said "f—you" to Nurse Jones. (Pl. Aff. ¶ 7; Dkt. No. 50-2.) He also states:

> 3. Nurse Jones came to my window but seen [sic] that I was naked and glanced in my window for a second and did not examine me through no [sic] window and when she started walking off I stated look at my d–n mouth . . . .
>
> 4. Lt. C. Williams saw me bleeding and cut and he had knowledge of that but didn't tell the nurse about my mouth or lip cut but told about me complaining about my hand and wrist.
>
> 5. I didn't get medical help until I stopped a nurse doing Pill Line on April 9, 2010 and she looked at me and took my request to get an x-ray and gave me ibuprofen to take for the pain and swollen [sic].

(Id. ¶¶ 3-5.)

As a preliminary matter, it is worth noting that Plaintiff does not dispute Defendants' evidence that he was examined in accordance with prison policy requiring medical personnel to examine an inmate "any time there is a use of force on an inmate even if there are no visible injuries." (Abston Aff. ¶ 13.) In addition, while Plaintiff asserts that Nurse Jones "lied [in] a[] sworn affidavit by stating that [he] was not cooperative with her and told her f—k you," (Dkt. No. 47), Plaintiff has not herein disputed Defendants' evidence that Plaintiff refused to obey officers' orders, resisted being placed in handcuffs, refused to cooperate with the search, and threatened the officers. Nor does Plaintiff dispute that Defendant Jones "came to [his] window," looked at him through that window, instructed officers to give Plaintiff ice for his wrist, and stated that medical personnel would check Plaintiff at a later time when he was less agitated. (Pl.'s Aff. ¶ 3; Dkt. No. 50-2; see also Jones Aff.) Plaintiff contends, however, that Nurse Jones did not spend sufficient time at the window for a proper examination and that "you can't see through that window like that to examine my wrist." (Dkt. No. 47; see also Pl.'s Aff. ¶ 3.) Without explicitly stating that Nurse Jones lied when she stated in her Affidavit that she saw no injury to Plaintiff's face or mouth,

5

Plaintiff states that "the other officers who wrote affidavits seen [sic] blood but she didn't . . ." (Dkt. No. 47.)

Accepting Plaintiff's version of the facts, the claim for deliberate indifference against Defendant Jones fails. Contrary to what Plaintiff appears to believe, the fact that Nurse Jones did not enter Plaintiff's SMU cell to examine him as thoroughly as he would have liked does not constitute deliberate indifference. Even if Nurse Jones failed to see a cut on Plaintiff's face and failed to determine that Plaintiff's wrist was swollen, such actions may rise to the level of negligence, but not deliberate indifference. See Wright, 766 F.2d 841 (disagreement as to the proper medical care is not sufficient to establish deliberate indifference to a serious medical need). Moreover, Nurse Jones *did* seek to have ice provided to Plaintiff for his wrist, even if she did not see that it was swollen. Plaintiff may have desired a more thorough evaluation, and he may disagree with the medical care he received, but such disagreement alone is insufficient to establish a claim for deliberate indifference. See Tozzi v. N.C. Dep't of Corr., 846 F.2d 74 (4th Cir. 1988) (unpublished table decision) (citing Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)) ("Absent exceptional circumstances, a difference of opinion between a physician and a prisoner about the appropriate treatment of a condition does not constitute . . . deliberate indifference."); see also Estelle, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's claim against Nurse Jones for deliberate indifference therefore fails.

To the extent Plaintiff seeks to assert a deliberate indifference claim against Defendant Williams, the undersigned recommends granting summary judgment to Williams. It is undisputed that Plaintiff was seen by Nurse Jones after the use of force. (See Pl.'s Aff.

6

¶ 2.) Plaintiff contends in his Affidavit that Williams knew Plaintiff was bleeding but that Williams did not tell Nurse Jones about the cut on his mouth but instead told her that Plaintiff was complaining about his wrist. (Id. ¶ 4.) Williams' failure to mention Plaintiff's cut to Nurse Jones does not constitute deliberate indifference. It is undisputed that Williams has no advanced medical training and "rel[ies] on the expertise of the trained medical personnel to provide medical care to all inmates and do[es] not overrule their medical judgments." (Williams. Aff. ¶ 11.) On the facts taken in the light most favorable to Plaintiff, Williams' failure to mention a cut on Plaintiff's lip does not constitute deliberate indifference. Cf. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) ("[I]t would be an unprecedented extension of the theory of supervisory liability to charge these wardens, not only with ensuring that Gwendolyn received prompt and unfettered medical care, but also with ensuring that their subordinates employed proper medical procedures-procedures learned during several years of medical school, internships, and residencies. No record evidence suggests why the wardens should not have been entitled to rely upon their health care providers' expertise.").[2]

**Qualified Immunity**

Defendants also seek summary judgment on the grounds that they are entitled to qualified immunity. (See Mem. in Supp. of Mot. for Summ. J. at 15.) The doctrine of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When an official properly asserts the defense of qualified immunity, the official is entitled to summary judgment if either: (1) the facts, taken in the light

---

[2] Miltier has been overruled by Farmer v. Brennan, 511 U.S. 825 (1994), to the extent that it allowed a finding of deliberate indifference upon constructive knowledge. See Farmer, 511 U.S. 825; Brown v. Mitchell, 308 F. Supp. 2d 682, 708 n.30 (E.D. Va. 2004).

7

most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).

In the case *sub judice*, Defendants are entitled to qualified immunity. For the reasons detailed above, the facts taken in the light most favorable to Plaintiff do not establish the violation of a constitutional right. The undersigned therefore recommends granting Defendants' Motion for Summary Judgment (Dkt. No. 44) and denying Plaintiff's Motion to Strike (Dkt. No. 50).

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 44) be GRANTED, and the Plaintiff's Motion to Strike (Dkt. No. 50) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 1, 2011
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).